UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EDDIE DEE WALLACE               :          CIVIL ACTION NO. 5:16-cv-1391
     D.O.C. #95517                                    SECTION P

VERSUS                          :          JUDGE WALTER

STATE OF LOUISIANA              :          MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. §

2254 by *pro se* petitioner Eddie Dee Wallace ("Wallace").  Wallace is in the custody of

Louisiana's Department of Public Safety and Corrections and is incarcerated at Winn

Correctional Center in Winnfield, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the

following reasons it is recommended that the petition be **DISMISSED** for want of jurisdiction.

**I.**
**Background**

Following a jury trial in Caddo Parish, Wallace was found guilty of simple burglary.

Doc. 7, att. 1, p. 12.  On August 25, 2008, he was sentenced in the First Judicial District Court to

twelve years imprisonment.  *Id.* at 14.  On November 19, 2008, he was adjudicated a fourth

felony offender.  *Id.* On November 24, 2008, his original sentence was vacated and he was

sentenced to serve twenty-five years at hard labor with credit for time served. *Id*.

Wallace appealed to the Louisiana Second Circuit Court of Appeal, said court affirming

his conviction and sentence on October 28, 2009.  *State v. Wallace*, 26 So.3d 176 (La. App. 2

Cir. 2009).  The Louisiana Supreme Court denied writs on September 16, 2011. *See* 2010-KH-

1540, *State ex rel. Eddie D. Wallace v. State*, 69 So.2d 1134 (La. 2011).[1]  He did not seek further direct review of his conviction in the United States Supreme Court.  Doc. 4, p. 3.

Wallace filed his first application for post-conviction relief ("PCR") in the First Judicial District Court on January 7, 2010, and a second PCR on August 17, 2010.  Doc. 7, att. 1, p.  14.  Both were denied.  *Id.*

Wallace signed his first application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on August 6, 2012, and same was received and filed on August 7, 2012.  *See* 5:12-cv-2119, *Wallace v. Warden* (U.S. District Court, Western District Louisiana, Shreveport Division), doc. 1.  Therein, he attacked the same conviction that he is attacking in the instant petition. On September 19, 2012, this court recommended denial of the *habeas* petition with prejudice as untimely.  *Id.* at doc. 8.  The judgment dismissing the case was filed on November 6, 2012.  *Id.* at doc. 11.

Wallace filed his third PCR in the First Judicial District Court on or about April 29, 2013.  Doc. 7, att. 1, p. 12.  The PCR was denied on September 3, 2013, as untimely.  *Id*. at pp. 14-15.  On October 24, 2013, the Second Circuit Court of Appeals remanded the matter to the trial court finding that the PCR was not untimely.  *Id*. at pp. 3-4.  The trial court ultimately denied the PCR on or about March 4, 2014.  *Id*. at p. 32.  Wallace sought further review in the Second Circuit, which denied same on May 6, 2014.  *Id*. at p. 12.  He filed a writ application in the Louisiana Supreme Court, which was denied on February 27, 2015.  *Id*. at pp. 12-13.  *See also State ex rel. Wallace v. State*, 160 So.3d 983 (La. 2015).

---

[1] It appears that Wallace's writ of certiorari on direct appeal was not filed timely within the time limit established by Supreme Court Rule X §5(a) which mandates that the petition be filed in the supreme court within 30 days of the date that notice of judgment is mailed by the court of appeal. This is supported by Wallace's June 14, 2010, petition to the Louisiana Supreme Court to file an out of time writ of certiorari [doc. 7, att. 1, p.17] which he states was denied on July 1, 2010.  *See* 5:12-cv-2119, *Wallace v. Warden* (U.S. District Court, Western District Louisiana, Shreveport Division), doc. 1, p. 9.

On March 11, 2015, Wallace filed a motion for leave to file a second *habeas corpus* petition.  *See* 5:12-cv-2119, *Wallace v. Warden*, doc. 12.  On March 13, 2015, this court denied Wallace's motion for leave, noting that there was no order from the Fifth Circuit Court of Appeals authorizing this court to consider a second federal *habeas* complaint.  *Id.* at doc. 13.

The instant application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 was signed by Wallace on November 4, 2016 [doc. 4, p. 20] and received by the court and filed on November 7, 2016.  Herein, Wallace claims (1) that he was prejudiced by "the state court's denial to find an increase in [his] sentence from 15 years without being multiple billed to 25 years flat . . . due to counsel's failure to communicate the plea offer which [he] would have accepted"; (2) that his due process rights were violated by the "state court's failure to appoint counsel in this post conviction application despite raising substantial ineffective assistance of counsel claims"; and (3) that his due process/equal protection rights were violated by the "state court's failure to appoint counsel in 2010 and 2013 post conviction proceeding despite alleging substantial ineffective assistance of counsel claims." Doc. 4, p. 17.

## II.
## Law and Analysis

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  This is Wallace's second *habeas corpus* petition.  The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999). Thus, the focus of the inquiry is whether the petitioner received an adjudication on the merits of his claims in the prior petition.

Although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."); *In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*).  As previously stated, Wallace's first application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 was denied with prejudice as untimely.

Wallace has not yet applied for nor received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this court lacks jurisdiction to consider his claims.[2]

### III.
### Conclusion

The undersigned concludes that the appropriate action for this court to take is to dismiss this matter due to Wallace's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. Accordingly,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation

---

[2] The court reiterates that it has already informed Wallace of the need to seek approval from the Fifth Circuit Court of Appeals prior to filing a second federal *habeas* complaint.  *See* 5:12-cv-2119, *Wallace v. Warden*, at doc. 13.

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this  23rd day of February, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**